Dear Ms. Cunningham:
You requested the opinion of this office concerning whether the Louisiana Housing Finance Agency (the "LHFA"), which is a non-budgetary unit of the State and does not receive appropriated funds, is required to adhere to the State Travel Guidelines (PPM-49). PPM-49 was adopted pursuant to R.S. 39:231, which provides in pertinent part as follows:
 A. Except as provided in Subsection B, Subsection C, and Subsection D, the commissioner of administration, with the approval of the governor, shall, by rule or regulation, prescribe the conditions under which each of various forms of transportation may be used by state officers and employees in the discharge of the duties of their respective offices and positions in the state service and the conditions under which allowances will be granted for traveling expenses.
Subsections B, C and D pertain to statewide elected officials, meal allowances and higher education and are not pertinent to the LHFA.
Section I(A) of PPM-49 states that the regulations "apply to all statedepartments, boards and commissions created by the legislature orexecutive order and operating from funds appropriated, dedicated, orself-sustaining; federal funds; or funds generated from any othersource." Section II of PPM-49 contains various definitions, including"Authorized Persons" which is defined as "members of boards,commissions, and advisory councils required by federal or statelegislation or regulation. Travel allowance levels for all such membersand any staff shall be those authorized for state employees unlessspecific allowances are legislatively provided." (Emphasis added)
PPM-49 applies to all state departments, boards and commissions created by the legislature and operating from appropriated or self-sustaining funds or funds generated from any other source. PPM-49 applies to even non-budget entities. Therefore, in the absence of a specific statutory exception, the members of the Board of the LHFA and the staff would be subject to the travel regulations contained in Division of Administration PPM 49.
LHFA's enabling legislation is contained in R.S. 40:600.1, et seq. R.S. 40:600.5 provides in pertinent part as follows:
 C. Appointed commissioners may receive fifty dollars per diem for attendance at meetings of the agency and may be reimbursed by the agency for actual expenses incurred in the performance of their duties as commissioners. All other commissioners shall be reimbursed by the agency for actual expenses incurred in the performance of their duties as commissioners, but shall not receive a per diem allowance.
 G. The agency shall operate from self-generated revenues and shall not be a budget unit of the state. The agency may, however, receive state appropriations at any time it is deemed advisable by the legislature, and only the expenditure of such appropriated funds shall be subject to budgetary controls or authority of the Division of Administration. The agency shall establish its own operating budget for the use of its self-generated revenues or unencumbered fund balances subject to a two-thirds approval of the board of commissioners of the agency. Any budget adopted shall be effective for a fiscal year commensurate with that of the state. (Emphasis added).
R.S. 40:600.5(C) is a legislative exception to PPM-49 and the commissioners may be reimbursed for their actual expenses incurred in the performance of their duties. Staff of the agency, however, would be subject to PPM-49 in the event the LHFA receives and expends State appropriated funds. It is our understanding that the LHFA does not receive an appropriation from the legislature.
While LHFA commissioners and staff may not be subject to PPM-49 and are entitled to be reimbursed their actual expenses, we would suggest, and we are sure that the commissioners would concur, that expenses are subject to a "reasonableness" test. Unreasonably high actual expenses should not be reimbursed. Reasonable will depend upon the particular factual situation. See enclosed Op.Atty.Gen. No. 91-43 to Mr. Bill Lynch.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
OPINION NUMBER 91-43
APRIL 2, 1991
86 — STATE BOARD OF PHARMACY
LSA-R.S. 37:1173(B) LSA-R.S. 39:231
"Necessary" expenses authorized the Board of Pharmacy must be (1) connected with official business and (2) reasonable to be "necessary" and recompensable: necessary expenses are not synonymous with actual expenses, which may be unreasonable.
Mr. Bill Lynch Inspector General P.O. Box 94095 Baton Rouge, LA 70804-9095
Dear Mr. Lynch:
You have requested an opinion of the Attorney General asking whether the "necessary" expenses authorized the Board of Pharmacy by R.S. 37:1173
(B) are the same as "actual" expenses. You further ask if "necessary" expenses are defined conclusively by the Commissioner of Administration under Policy and Procedure Manual No. 49 — the State travel regulations.
Opinion of the Attorney General No. 90-387 has previously addressed this issue, and that opinions analysis is adopted here. The "necessary" expenses authorized by law are not "actual" expenses. There are two requirements for a necessary expense. 1) The expense must be incurred in connection with a board meeting or from attending to the official business of the board, and 2) it must be reasonable to be necessary.
The actual expense standard is inapplicable because it is inapposite to the second requirement — reasonableness.
With regard to the standards promulgated by the Commissioner of Administration, R.S. 37:1173 (B) must be construed in pari materia with R.S. 39:231, which authorizes the Commissioner to establish binding criteria for reimbursement for transportation and travel expenses incurred by state officers and employees in the discharge of their official duties. Policy and Procedure Manual No. 49, the state travel regulations, implements this statutory authority. Because R.S. 37:1173
(B) only authorizes necessary expenses but does not expressly delegate to the Board of Pharmacy the power to establish a regime for reimbursement, there is no conflict between R.S. 37:1173 (B) and R.S. 39:231. The statutory authority of the Commissioner over transportation and travel expenses as exercised by regulation is normative for the Board of Pharmacy. With regard to transportation and travel expenses, only those authorized by state regulation are "reasonable" and therefore, "necessary."
As to any other expenses, the Board is not subject to the authority of the Commissioner, and may make such reimbursements as conform to the authorization of R.S. 37:1173 (B). Statutory conformity requires 1) connection with official business and 2) reasonableness. An expense which does not satisfy both criteria is not "necessary" and may not be lawfully reimbursed with public funds.
Trusting this to be of sufficient information, I am,
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES J. YEAGER Assistant Attorney General
CJY:jv